```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    NORTHERN DIVISION at ASHLAND
```

MEIRA BREE RUSSELL,            )
                               )
    Plaintiff,                 )
                               )      Civil Action No.
v.                             )      0:14-CV-102-JMH
                               )
CAROLYN W. COLVIN, ACTING      )          **ORDER**
COMMISSIONER OF SOCIAL         )
SECURITY,                      )
                               )
    Defendant.                 )

                                \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon cross-motions for summary judgment on Plaintiff's appeal of the Commissioner's denial of her application for supplemental security income (SSI).[1] The Court, having reviewed the record and considered the parties' arguments, finds that the decision of the Administrative Law Judge is supported by substantial evidence and, thus, the Court will grant Defendant's motion and deny Plaintiff's motion.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge (ALJ), in determining disability, must conduct a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is not working but does not have a "severe" impairment which significantly limits his

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> physical or mental ability to do basic work activities is not disabled.
>
> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

The Plaintiff has not worked since 2012. The ALJ determined that she had severe impairments including: mood disorder; substance abuse in reported remission; and major joint dysfunction. The ALJ determined, however, that none of the impairments met or medically equaled the severity of an impairment listed in Appendix 1. After considering the medical evidence, the

ALJ found that Plaintiff has the residual functional capacity (RFC) to perform less than a full range of light work as defined in 20 C.F.R. § 416.967(b). The ALJ found that Plaintiff can frequently climb ramps or stairs and that she can occasionally climb ladders, ropes, or scaffolds. The ALJ determined that Plaintiff can frequently stoop, kneel, and crouch, and that she can occasionally crawl. Plaintiff is limited to frequent handling. The ALJ determined that Plaintiff should avoid concentrated exposure to pulmonary irritants. Further, she is limited to simple tasks with no interaction with the general public. The ALJ found that Plaintiff can have occasional interaction with co-workers and supervisors and is limited to low stress work, defined as no fast-paced production.

The ALJ determined that, although Plaintiff was not able to perform any past relevant work, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform and, therefore, Plaintiff is not disabled.

**II. Standard of Review**

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings

were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the ALJ employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

### III. Discussion

At the time of the ALJ's decision, Plaintiff was twenty-eight-years old and had received her GED. Previous work experience included employment as a cashier, a waitress, a fast-food worker, a clothes sorter, and a sandwich maker at Subway. Plaintiff claims that she became unable to work in May 2012 when she was hospitalized for suicidal thoughts and depression. She claims that she is unable to work because she has panic attacks when she is around people or is exposed to stress. Plaintiff acknowledges having a significant history of drug abuse but reported, at the time of her ALJ hearing, that she had been "clean for over a year." Plaintiff reported strength and sensation deficits in both hands secondary to abscesses resulting from IV drug abuse. Plaintiff reported a lack of motivation to do things around the house and that she and her husband went shopping and to church once a week.

Plaintiff contends that the the ALJ erred in four ways. The Court will consider each argument in turn.

**A.  Any perceived omission in the RFC constitutes harmless error.**

Plaintiff argues that the ALJ failed to present an accurate hypothetical question to the vocational expert (VE), because the hypothetical did not include the limitation assessed by Drs. Vandivier and Blusiewicz that Plaintiff would require breaks every two hours in an eight-hour work day. As the Commissioner points out, however, breaks every two hours are "normal and assumed in most jobs." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 730 (6th Cir. 2013); *see also* SSR 96-9p, 61 Fed. Reg. 34478 (July 12, 1996). Accordingly, any perceived omission is harmless.

**B.  The ALJ's conclusions with respect to "severe impairments" are supported by substantial evidence.**

Plaintiff contends that the ALJ's findings with respect to severe impairments are "inconsistent with the RFC and findings of the non-examiners." Specifically, Plaintiff argues that Drs. Vandivier and Blusiewicz determined that Plaintiff suffered from affective and anxiety disorders while the ALJ determined that Plaintiff had the severe impairment of "mood disorder." Plaintiff argues that the ALJ's decision is not supported by substantial evidence, in that she failed to include affective disorder and anxiety disorder in the list of severe impairments. However, Appendix 1 to Subpart P of Part 404, 12.04 describes "Affective

Disorders" as "[c]haracterized by a disturbance of mood." Additionally, the ALJ discussed Plaintiff's anxiety symptoms in her opinion and addressed those symptoms in the RFC through the accommodations of low-stress work, with little to no contact with others. Upon review of the record, the Court cannot identify any impairment, severe or non-severe, that the ALJ failed to address in the RFC.

### C. The ALJ's reliance on Dr. Gitlow's opinion is supported by substantial evidence.

Plaintiff contends that the ALJ erred in relying on the opinion of consulting source Stuart Gitlow, M.D. because Dr. Gitlow failed to discuss all the medical evidence, made inaccurate statements, and failed to consider important factors, including Plaintiff's past suicide attempts. Further, Plaintiff claims that the ALJ relied upon impermissible factors in assigning significant weight to Dr. Gitlow's opinion.

The Court notes that there is no treating source opinion upon which Plaintiff argues the ALJ should have based her decision.[2] While Dr. Gitlow did not perform an evaluation, at the request of her attorney, Plaintiff was psychologically evaluated by Leigh Ann Ford, Ph.D. While more weight generally is given to the opinions

---

[2] The only treating sources who provided opinions were a chiropractor and a registered nurse. Chiropractors are not "acceptable medical sources," but are considered "other [nonmedical] sources." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). An RN also is not an acceptable medical source. *See Nickel v. Comm'r of Soc. Sec.*, No. 1:11CV980, 2012 WL 4505855, *6 n.79 (N.D. Ohio Sept. 28, 2012).

of examining medical sources than those of non-examining sources, Social Security regulations recognize that opinions from non-examining state agency consultants may be entitled to great weight because these individuals are "highly qualified" and are "experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(e)(2)(i), 416.927(e)(2)(i). In her opinion, the ALJ explained that Dr. Gitlow's opinion, unlike Dr. Ford's, was consistent with the evidence as a whole because numerous mental health examinations had revealed Plaintiff's mood, judgment, and ability to concentrate to be within normal limits. Further, Dr. Gitlow's opinion was consistent with the opinions of the other state agency consultants, Drs. Blusiewicz and Vandivier, upon which the ALJ relied. The ALJ found Dr. Ford's opinion to be less persuasive based on several inconsistencies in the record, including Plaintiff's own statements regarding her mental status and the reason for the loss of a job.

Although Plaintiff is troubled by Dr. Gitlow's failure to discuss certain details from the nearly 5000-page administrative record, Gitlow's report confirms that he did, indeed, consider Plaintiff's psychiatric treatment records. Plaintiff also takes issue with the fact that Dr. Gitlow did not have access to her current drug screening lab reports. The Court fails to see, however, how the lack of such information negatively affected Dr. Gitlow's assessment of Plaintiff. In fact, Dr. Gitlow gave

Plaintiff the benefit of the doubt and "ignore[d] the substance use aspect" of the case, presuming that any impairments were due to psychiatric illness. Accordingly, the ALJ did not err in relying on Dr. Gitlow's opinion, as her decision to do so was based on substantial evidence.

### D.  The ALJ did not err in failing to give weight to a Disability Field Office report.

Plaintiff argues that the ALJ erred in failing to consider a Disability Field Office report indicating that Plaintiff had difficulty in coherency, understanding, answering, sitting, standing, and walking. In her opinion, the ALJ stated that she considered the entire record before making her finding regarding Plaintiff's RFC. The Court is aware of no requirement that comments made in a field office report be explicitly discussed in an ALJ opinion to demonstrate that the ALJ has considered them. *See Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004) ("[A]n ALJ's failure to cite specific evidence does not indicate that it was not considered.") (citation omitted). Although the field office interviewer reported that Plaintiff was anxious and seemed to have concentration deficits, the ALJ explained why she found that Plaintiff's claims lacked credibility. Further, the ALJ based her decision on the opinions of consulting sources who concluded that Plaintiff's anxiety and concentration deficits were not severe.

**IV. Conclusion**

Based on the foregoing, **IT IS ORDERED:**

(1) that the Plaintiff's Motion for Summary Judgment, [DE 14], is **DENIED;**

(2) that the Commissioner's Motion for Summary Judgment, [DE 15], is **GRANTED;**

(3) and the Commissioner's decision in this matter is **AFFIRMED.**

This the 3rd day of August, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge